Hicks v. Sheppard.

HENRY HICKS, Appellant, v. JOHN S. SHEPPARD AND CHARLES V. BUSH, Respondents.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1871.)

In an action of ejectment the plaintiff claimed, under a deed, with warranty from the defendants' grantees. The defendant pleaded in defence and, against objection, proved a mutual mistake between himself and his said grantees, by which the premises claimed were unintentionally described in his deed to them.—*Held*, that the defence was, in effect, a claim to have the deed to the plaintiff's grantors reformed; and as equity could not decree reformation of that deed in an action to which the grantees therein were not parties, it could not uphold the defence in the action.

APPEAL by the plaintiff from a judgment rendered at the Yates County Circuit, on a trial by the court without a jury, bringing up a bill of exceptions taken by the plaintiff.

The plaintiff claimed to recover possession of certain lands of which the defendant Sheppard as lessee of Bush the other defendant, was in possession; and by their answer the defendants disputed his right to recover, because of a mistake in the description of a certain deed executed by the defendant Bush, to the plaintiff's grantors, and demanded a reformation of the deed. The court below found the mistake, as alleged in the answer, and decreed that the plaintiff was not entitled to recover possession of the premises claimed, and that the defendants were entitled to judgment in their favor by reason of their equitable defence to the plaintiff's claim; but that for want of proper parties they were not entitled to a judgment reforming the deed executed by the defendant, Bush.

The facts appear in the opinion of the court.

*D. B. Prosser*, for the plaintiff.

*D. Morris*, for the defendant.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—TALCOTT, J.   This is an action of ejectment. The plaintiff claims title under a warranty deed of the premises in question, executed to him by James E. Hicks and George Mattice, in 1867.

The defendant Bush conveyed the same premises to James E. Hicks and George Mattice, with covenant of warranty, in 1866.  The defendant, Sheppard, was in possession at the commencement of the suit, as the tenant of the defendant Bush.  On the trial the defendants set up, by way of equitable defence, that the defendant Bush did not intend to embrace the premises in question in his deed to James E. Hicks and Mattice, but that the same were embraced in that deed through a mistake, originating in an error as to the location of the north-west corner of a certain lot known as lot 39.

The defendants sought, and against the objection of the plaintiff, were permitted to establish this alleged mistake, by parol evidence, and the court found the fact of the mistake to be as claimed by the defendants, and rendered judgment in their favor, upon the sole ground that the defendant Bush did not intend to convey the premises in question to James E. Hicks and Mattice, by the said conveyance, but that all, the parties labored under the mistake as to the said north-west corner of lot 39, and understood the actual location and extent of the land intended to be conveyed to be less than the parcel described in the deed, and not to embrace the same.

The defendant Bush, it appears, claimed title to the premises described in the complaint, under a deed from one Wagener; and of the other premises, to which it was claimed that the conveyance to Hicks and Mattice, was intended to be limited, under a deed from Martin Spencer.  The description in the deed from Martin Spencer, embraced the premises described in the complaint; and the defendants sought to show that there was a similar mistake in the deed from Spencer to the defendant Bush.  The deed from Spencer to defendant Bush, was put in evidence.

The defendant Bush was examined on behalf of the defendants, and, amongst other things, was asked, against the plain-

tiff's objection and exception, what land he supposed he received by the deed from Spencer; so that parol evidence was admitted to show, not only that the defendant Bush did not intend to convey the premises in question by his deed to Hicks and Mattice, but that he did not intend to take a conveyance thereof from Spencer.

Manifestly, all this parol evidence was wholly inadmissible at law.

As evidence offered and received to vary the legal effect of the deed, it was neither more nor less than a direct abrogation of that important and fundamental rule that parol evidence shall not be received to contradict, vary or control the legal effect of a written instrument. It is well settled, also, that parol evidence is no more admissible in equity than at law, for the mere purpose of contradicting or varying the effect of an instrument in writing, except in certain cases and for certain specified purposes.

Under the Code a party may set up to an action founded on a legal cause of action, by way of defence, any defence whether the same has been heretofore denominated legal or equitable. And this seems to have been construed to embrace the right to set up, by way of defence to a cause of action at law, such a state of facts as would constitute a cause of action in equity.

An equitable defence, in this sense, can mean nothing less than such a state of facts as would induce a court of equity to interpose and restrain the prosecution at law, as incidental and ancillary to complete relief in equity. A court of equity would have interfered to restrain an ejectment at law in a proper case, with a view of reforming the deed, where, by reason of fraud, accident or mistake as to facts, it is different in its legal effect from what the parties intended.

But it seems clear to us that where the defendant seeks to use this as a defence in the action of ejectment, such a case must be presented, not only as would have induced the court to order a reformation of the deed upon the facts, but also such a case as will enable the court to grant equitable relief

Otherwise we invent a new right, to which the defendant was never entitled, either at law or in equity, and the rights of parties will be involved in great confusion and uncertainty, and a plaintiff who has a just claim in many instances deprived of all remedy either at law or in equity. In this case the defendants seek to have, as against the plaintiff, all the effect of a reformation of a deed executed by the defendant Bush, not to the plaintiff, but to persons not parties to the suit, and to which deed the plaintiff is not a party. The plaintiff had a warranty deed from his grantors of the premises for which. he sues. His warrantors, not being in any manner parties, would not be bound by the judgment; and in an action by the plaintiff against his grantors upon their covenant, they might be able to show that there was no such mistake on their part as to warrant a reformation of the conveyance as against. them.

The plaintiff, then, will have lost both the property and the consideration for it, and be wholly remediless. Now, it is a cardinal principle of equity jurisprudence, and one the disregard of which would render the relief administered in that court, in many cases, most unjust and oppressive, that all parties having an interest in the subject must be before the court before it will proceed to adjudicate, or attempt to exercise its equitable powers, by way of giving relief against a cause of action which exists at law.

A court of equity would not have interfered to restrain this action of ejectment on the ground of a mistake in the deed, in the absence of the parties, the conveyance to whom is alleged to be inoperative and of no effect as to a material part of the premises purporting to be conveyed by it, and who have conveyed the same premises, with covenants.

They have a right to be heard before the deed to them can be changed, or reformed, or restrained in its legal operation. We do not see how, in such a case, it is possible to do that which the defendants seek to do in this action in the absence of the grantees named in the deed, which is, in effect, sought to be reformed, on the ground of mistake, by restraining its

operation and varying its legal ·effect, as though it had been duly reformed by the judgment of a competent court having jurisdiction to determine the question as between the parties in interest.

In such a case, the defendant to obtain relief, must, by action, or otherwise, cause the proper parties· to be brought before the court, so that a judgment may be rendered, binding all the parties in interest, and· adjudging all their equitable rights.

The judgment should be reversed, and a new trial granted. Costs to abide the event.

Judgment reversed.